**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

| | |
|---|---|
| NYSHEEMA STROBERT, on behalf of herself and others similarly situated, | |
| Plaintiff, | CIVIL ACTION NO.: 4:25-cv-117 |
| v. | |
| SILVER DOLLAR LOUNGE, a Georgia Domestic Profit Corporation; and SUN CHA SEALES, an individual, | |
| Defendants. | |

**O R D E R**

Plaintiff Nysheema Strobert filed this suit under the Fair Labor Standards Act ("FLSA") against Defendants Silver Dollar Lounge and Sun Cha Seales. (Doc. 1.) Plaintiff has filed a Motion for Default Judgment against Defendants, (doc. 12), both of which have already been entered into default by the Clerk of Court, (doc. 11). Generally, after receiving the Clerk's default, the Court can enter a default judgment provided none of the defendants are an infant or incompetent. Fed. R. Civ. P. 55(b)(2). However, the Clerk's entry of default does not automatically warrant entry of default judgment. "[T]hree distinct matters emerge as essential in considering any default judgment: (1) jurisdiction; (2) liability; and (3) damages. Before the Court can grant plaintiff's motion for default judgment, all three must be established." Pitts ex rel. Pitts v. Seneca Sports, Inc., 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004).

Of particular concern to the Court in this case is the requirement that it "satisfy itself that it has personal jurisdiction before entering judgment against an absent defendant." Odyssey

Marine Exploration, Inc. v. Unidentified, Wrecked & Abandoned Sailing Vessel, 727 F. Supp. 2d 1341, 1345 (M.D. Fla. 2010); see also Geodetic Servs., Inc. v. Zhenghzou Sunward Tech. Co. Ltd., No. 8:13-CV-1595-T-35TBM, 2014 WL 12620804, at *2 (M.D. Fla. Apr. 4, 2014) ("A default judgment is void in the absence of the Court's personal jurisdiction over the defendant . . . ."). "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990).

In her Complaint, Plaintiff alleges that Defendant Silver Dollar Lounge is "a Georgia Domestic Profit Corporation with its principal place of business and principal office address located at 297 Leroy Coffer Highway, Midway, Georgia 31320," and that, "it may be served by and through its registered agent, Sun Cha Seales, at 297 Leroy Coffer Highway, Midway, Georgia 31320." (Doc. 1, p. 4.)  As for Defendant Sun Cha Seales, the Complaint alleges that she is, "on information and belief, an owner, operator, and Chief Executive Officer of Silver Dollar" and that she "may be personally served at 42 Youngblood Drive, Midway, Georgia, 31320, or wherever she may be found." (Id.)

Prior to seeking entries of default and default judgment, Plaintiff filed (on the docket for this case) the exact same document twice, under two different docket entry titles. (See docs. 7 ("Affidavit of Service for Complaint and Summons served on Sun Cha Seales on 06/12/2025") & 8 ("Affidavit of Service for Complaint and Summons served on Silver Dollar Lounge on 06/12/2025").)  The document itself is a form entitled "Affidavit of Service." (Docs. 7 & 8.)  The top of the form features boxes requesting certain information about the case and the parties.  Here, each box has a typed-in response.  Of note, one box in this section of the document requests the disclosure of who is "To be served upon:" and the typed-in response states only "SUN CHA

SEALES." (Docs. 7 & 8.)  The second half of the form contains sworn testimony given by the individual who handled the service of process (the "server").  Within this portion of the document filed here, the server states the following:

> I am over the age of 18 years and not a party to this action, and . . . within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein
>
> **Recipient Name / Address:**  SUN CHA SEALES, Home: 42 Youngblood Rd, Midway, GA 31320
>
> **Manner of Service:**   Personal/Individual, Jun 12, 2025, 12:28 pm EDT
>
> **Documents:**   Summons and Complaint
>
> **Additional Comments:**
> 1) Successful Attempt: Jun 12, 2025, 12:28 pm EDT at Home: 42 Youngblood Rd, Midway, GA 31320 received by SUN CHA SEALES.  Age: 75-80; Ethnicity: Asian American; Gender: Female; Weight: 200; Height: 5'5"; Hair: Gray;

(Docs. 7 & 8.)  The document is signed by the server and is notarized.  (Docs. 7 & 8.)

While this document provides sufficient proof of service as to Sun Cha Seales as an individual named as a defendant in this case,[1] it does not provide satisfactory proof that Silver Dollar Lounge, an entity,[2] was properly served.  There is no indication that, in addition to being served as an individual named as a defendant, Sun Cha Seales was additionally served in any capacity on behalf of Silver Dollar Lounge.  There is no reference on the Affidavit to her alleged

---

[1]  Under Federal Rule of Civil Procedure 4, an individual may be served by "delivering a copy of the summons and of the complaint to the individual personally."  Fed. R. Civ. P. 4(e)(2).

[2] Here, it appears Plaintiff claims to have served Silver Dollar Lounge pursuant to Federal Rule of Civil Procedure 4(h)(1)(B), which provides that a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant."

status as registered agent for the entity.  (Indeed, the Affidavit lists the "Manner of Service" as "Personal/Individual.")  And while the Affidavit states that the documents served on Sun Cha Seales were "Summons and Complaint," there is no indication that she was served a summons *directed to Silver Dollar Lounge* (along with a copy of the Complaint).  See Fed. R. Civ. P. 4(a)(1)(B) ("A summons must . . . be directed to the defendant.").  According to the Affidavit, Sun Cha Seales was served at her home (not at the address listed in the Complaint for service on Silver Dollar Lounge).  Indeed, the sole reference to Silver Dollar Lounge on the Affidavit of Service is in the top section, in the box that asked for "Defendant/Respondent" to be identified, in response to which the server typed "SILVER DOLLAR LOUNGE and SUN CHA SEALES."  (Docs. 7 & 8.)  In sum, there is no indication of any sort that Sun Cha Seales knew or should have known that she was not only being served as a defendant in this lawsuit individually, but that she was *also* being served as an agent for Silver Dollar Lounge.[3]  As a result, there is inadequate proof of service on Silver Dollar Lounge.

---

[3]  The Court notes that a records search from the Website of the Georgia Secretary of State indicates that no records have ever been filed for a corporation (or other type of business) named "Silver Dollar Lounge" (or one with a name containing those words).  Accordingly, the Court has serious doubts about its alleged status as a corporation (or other legal entity, for that matter).  Similarly, a Georgia Secretary of State Website records search for the name "Sun Cha Seales" as a registered agent or an officer of *any* business prompts the response "No data found," leading the Court to also seriously doubt Seales's alleged status as the registered agent or the owner, operator and/or chief executive officer of Silver Dollar Lounge.  See Auto-Owners Ins. Co. v. G&D Constr. Grp., Inc., 588 F. Supp. 3d 1328, 1331 n.3 (N.D. Ga. 2022); see also Barr v. Ewing, 774 F. App'x 547, 550 (11th Cir. 2019) (unpublished opinion) (citing Swindol v. Aurora Flight Scis. Corp., 805 F.3d 516, 519 (5th Cir. 2015) (concluding that "the accuracy of . . . public records contained on the Mississippi Secretary of State's and the Virginia State Corporation Commission's websites cannot reasonably be questioned")); NP 301, LLC v. Liberty Mut. Ins. Co., No. 1:20-CV-02298-LMM, 2020 WL 10622591, at *5 (N.D. Ga. Aug. 7, 2020); Ladies Mem'l Ass'n, Inc. v. City of Pensacola, Fla., No. 3:20CV5681/MCR/EMT, 2020 WL 8449155, at *2 (N.D. Fla. Aug. 25, 2020) (listing cases finding that courts may take judicial notice of facts derived from secretary of state websites).

"[W]ithout proper service of process, the district court ha[s] no power to enter a default judgment against the [defendant]." Albert v. Discover Bank, No. 21-12011, 2022 WL 1184405, at *1 (11th Cir. Apr. 21, 2022). Courts have declined to enter default judgments where the movant has failed to show that service of process has been properly effectuated on the party against whom a default judgment is sought. Worldwide Distribs., Inc. v. Maven Med, Inc., No. 22-23635-CIV, 2023 WL 4303847, at *5–6 (S.D. Fla. June 15, 2023), report and recommendation adopted, 2023 WL 4295421 (S.D. Fla. June 30, 2023). Accordingly, this piece of the Court's inquiry is critical and requires far more serious attention from Plaintiff. In this high-stakes setting, where the Court is being asked to issue a default judgment against Defendant Silver Dollar Lounge due to the fact that it has made no appearance in the case, the Court declines to simply assume that service was properly made, particularly given the above-described shortcomings. See, e.g., Macys v. Century Golf Partners GP LLC, No. 6:24-CV-1669-WWB-DCI, 2025 WL 895989, at *2 (M.D. Fla. Mar. 24, 2025) ("The Court . . . finds that the process server's representation to the Court on the second page of the AO 440 that the process server served only a summons on an individual who identified themselves as the person authorized to accept service does not persuade the Court that Plaintiff properly effected service."); Reaves v. RCS Cap., No. 1:19-cv-2017, 2020 WL 7395558, at *2 (N.D. Ga. Jan. 8, 2020) (denying a motion for default judgment where an affidavit of service did not affirmatively state that the defendant's registered agent also was served with a copy of the complaint as required by Rule 4(c)(1)); Sumner v. Premier Fin. & Credit Servs., No. 1:17-cv-264, 2018 WL 6726541, at *2 (N.D. Ga. Oct. 3, 2018), report and recommendation adopted by, 2019 WL 8587213 (N.D. Ga. Nov. 25, 2019) (dismissing a complaint under Rule 4(m) as the amended

affidavit of service "still" did not state that a copy of the complaint was served with the summons); see also United States v. Demesmin, No. 6:17-CV-36-ORL-31KRS, 2018 WL 1988864, at *4 (M.D. Fla. Mar. 14, 2018) (denying motion for default judgment because plaintiff (the United States) failed to show that the individual who accepted service on behalf of defendants was in fact an agent authorized to receive service on behalf of defendants).

Given these shortcomings, the Court cannot conclude that Defendant Silver Dollar Lounge was properly served. Even as to Sun Cha Seales, the Court cannot issue default judgment as to one defendant who is in default when a similarly-situated defendant is not in default. See Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc., 740 F.2d 1499, 1512 (11th Cir. 1984). Accordingly, Plaintiff's Motion for Default Judgment is **DENIED without prejudice**. (Doc. 12.)

Pursuant to Federal Rule of Civil Procedure Rule 4(m), where the plaintiff fails to serve a defendant within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. Fed. R. Civ. P. 4(m). A plaintiff, however, may obtain an extension of time for service of process upon the showing of good cause. Id. Pursuant to Federal Rule of Civil Procedure 4(l), "proof of service must be made to the court." If Plaintiff served Defendant Silver Dollar Lounge within the time specified by Rule 4(m), she must comply with Rule 4(l) and file proof of that service on or before **May 28, 2026**. If Plaintiff renews her request for default judgment, she must demonstrate that she served Defendant Silver Dollar Lounge with both the proper Summons and a copy of the Complaint and she must more fully explain, with citation to authority, whether and on what grounds the method of service that was

6

utilized was proper.     If Plaintiff did not serve Defendant Silver Dollar Lounge within the time specified by Rule 4(m), and Plaintiff seeks additional time to serve Defendant Silver Dollar Lounge, she must file a motion for such relief that shows good cause on or before **May 28, 2026**.

 **SO ORDERED**, this 7th day of May, 2026.

_____

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA